UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| RAYCO TRAYLOR, | Case No. 24-cv-4619 (LMP/JFD) |
| Plaintiff, | |
| v. | |
| STACI STONE, sued in her individual and official capacity; MN DEPARTMENT OF CORRECTIONS, individual and official capacities; BERO, Lieutenant, individual capacity; JOHN DOES/JANE DOES, Individual and official capacities, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Defendants. | |

---

Plaintiff Rayco Traylor alleges various constitutional violations against prison officials under 42 U.S.C. § 1983, including "neglect, harassment, retaliation, deprivation of liberty, pain and suffering, conspiracy, RLUIPA[1], [and] unconstitutional strip searches." ECF No. 1 at 8. Specifically, he asserts that his religious liberties were violated by "constant strip searching and being naked in front of strangers," *id*., and that various unnamed workers deprived him of his prescribed medications, *id*. at 1, 3.

Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge John F. Docherty. ECF No. 3. The R&R recommends dismissing the bulk of Traylor's complaint, saving only his Section 1983 claim against the John and Jane

---

[1] This is, the Court presumes, in reference to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, et seq.

Does who allegedly deprived him of his prescription medications. *Id.* at 6–17. With respect to that claim, however, the Magistrate Judge noted that Traylor failed to identify any defendant by name and, accordingly, ordered him within 90 days to file an amended complaint naming those individuals. ECF No. 4.

Traylor has not objected to the R&R in the time permitted, and it is therefore reviewed for clear error. *See* Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Finding no clear error, and based upon all of the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1. The R&R (ECF No. 3) is **ADOPTED**;

2. Defendants State of Minnesota, Lieutenant Bero, and Sgt. Stone are **DISMISSED WITHOUT PREJUDICE** from this action pursuant to 28 U.S.C. § 1915A(a).

3. The following claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(c):

    a. Traylor's claim against Sgt. Stone for retaliating against him by ordering him to segregation without due process of law;

    b. Traylor's claim against Sgt. Stone for ordering him to segregation without due process of law;

    c. Traylor's claim against John and Jane Doe Defendants for taking his property without due process of law;

       d.       Traylor's claim against John and Jane Doe Defendants for refusing to provide him mental health support in violation of the Eighth Amendment;

       e.       Traylor's claim that he was deprived two meals in violation of the Eighth Amendment;

       f.       Traylor's claim that strip searches violate his First Amendment right to freedom of religion; and

       g.       Traylor's claims that the strip searches violate the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

4.     Traylor's claim against John and Jane Doe defendants who allegedly withheld his prescription medications between December 11 and December 17, 2024, may proceed, but Traylor must comply with the Magistrate Judge's order (ECF No. 4) to file an amended complaint naming those individual defendants by May 25, 2025.

Dated: April 8, 2025                               *s/Laura M. Provinzino*
                                                         Laura M. Provinzino
                                                         United States District Judge