UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| RAYCO TRAYLOR, | Case No. 24-cv-4619 (LMP/JFD) |
| Plaintiff, | |
| v. | ORDER ADOPTING<br>REPORT AND RECOMMENDATION |
| JOHN DOES/JANE DOES, in their individual and official capacities, | |
| Defendants. | |

---

On December 23, 2024, Plaintiff Rayco Traylor ("Traylor")—an inmate at Minnesota Correctional Facility, Stillwater ("MCF-Stillwater")—brought this Section 1983 action alleging various constitutional violations against prison officials, including "neglect, harassment, retaliation, deprivation of liberty, pain & suffering, conspiracy, RLUIPA,[1] [and] unconstitutional strip searching." ECF No. 1 at 8. Specifically, Traylor asserts that his religious liberties were violated by "constant strip searching and being naked in front of strangers," *id.*, and that various unnamed MCF-Stillwater staff members deprived him of his prescribed medications, *id.* at 1, 3.

On February 24, 2025, United States Magistrate Judge John F. Docherty issued a Report and Recommendation ("R&R") (the "February R&R") that recommended dismissing the majority of Traylor's complaint, saving only his Section 1983 claim against

---

[1] This references the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, et seq.

John and Jane Does who allegedly deprived him of his prescription medications between December 11 and December 17, 2024.  ECF No. 3 at 6–16.  But with respect to that claim, Magistrate Judge Docherty noted that Traylor had not identified any defendant by name and, accordingly, ordered him to file an amended complaint within 90 days naming those individuals or risk dismissal of the complaint.  ECF No. 4.  Traylor did not object to the R&R, and on April 8, 2025, the Court adopted it in full.  ECF No. 6.

Traylor then had until May 27, 2025,[2] to file an amended complaint naming the John and Jane Doe defendants.  *Id.* at 3.  Traylor did not do so.  Instead, the only thing Traylor filed before that date was a letter asking the court to dismiss Defendant Staci Stone.  ECF No. 7.  On August 14, 2025, nearly three months after the deadline to amend his complaint, Traylor filed another letter to the Court.  ECF No. 8.  In this letter, Traylor stated that he had "been refused the discovery sought to decipher exactly who all had refused [him] medications for that week."  *Id.* at 1.  Traylor further requested a "rehearing" on all the claims the Court dismissed in its April 8, 2025 order and brought new allegations about prison conditions and purported violations by prison staff.  *Id.* at 1–3.  For relief, Traylor asked the Court for "discovery of all defendants" named in his original complaint, including disciplinary reports he has filed, videos of all incidents he has reported, staff

---

[2]     Although Traylor was ordered to file an amended complaint by May 25, 2025, ECF No. 6 at 3, that day was a Sunday, and the next day (Monday, May 26, 2025) was Memorial Day, a federal holiday.  Traylor's deadline to amend his complaint therefore automatically tolled to Tuesday, May 27, 2025.  *See* Fed. R. Civ. P. 6(a)(1)(C), (a)(6)(A).

reports, captains' reports, medical reports, and "files to inspect" to see what else might be necessary for his claims. *Id.* at 3.

On August 18, 2025, Magistrate Judge Docherty issued a second R&R (the "August R&R") recommending that the Court dismiss Traylor's remaining Section 1983 claim because Traylor had not filed an amended complaint as ordered. ECF No. 10. Traylor objects to the August R&R. ECF No. 12. First, Traylor asserts that Magistrate Judge Docherty is "biased and prejudice[d]" because he has heard and decided "numerous cases" against Traylor. *Id.* at 1. Second, Traylor asserts that in February and March 2025 he requested discovery from prison officials "so that [he] could comply with the order," but that prison officials have denied his requests. *Id.* Finally, Traylor reiterates his request for a rehearing on the claims previously dismissed. *Id.*

## ANALYSIS

"Within fourteen days after being served with a copy, any party may serve and file written objections" to a magistrate judge's recommended disposition of a case, and if timely filed, the presiding district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

Traylor filed his current objections on August 26, 2025, within fourteen days of the August R&R. ECF No. 12. As a result, the filing itself is timely. But not all the arguments within Traylor's filing are timely. Notably, Traylor appears to object to the February R&R

3

which recommended dismissing most of Traylor's claims.  *Id.* at 1; *see also* ECF No. 8 at 1.  But any objections to the February R&R were due by March 10, 2025.  ECF No. 3 at 17.  Accordingly, to the extent Traylor objects to the February R&R, those objections are overruled as untimely.  *See* D. Minn. L.R. 72.2(a)(1) ("A party may not assign as error a defect in [a magistrate judge's] order not timely objected to.").  Indeed, after not having received a response from Traylor, this Court adopted the February R&R on April 8, 2025.  ECF No. 6.

Traylor's timely objections to the August R&R fare no better.  First, he argues that Magistrate Judge Docherty is biased against him and should be removed from the case.  Under 28 U.S.C. § 455(a), a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Because judges are presumed impartial, Traylor "bears the substantial burden of proving otherwise."  *Pope v. Fed. Express Corp.*, 974 F.2d 982, 985 (8th Cir. 1992).  Traylor vaguely suggests that Magistrate Judge Docherty is biased because he has entered orders in other cases involving Traylor with which Traylor disagrees.  ECF No. 12 at 1.  But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," *Liteky v. United States*, 510 U.S. 540, 555 (1994), and Traylor's otherwise "unsupported, irrational, or highly tenuous speculation" does not provide a reason to question Magistrate Judge Docherty's impartiality, *In re Medtronic, Inc. Sprint Fidelis Leads Prods. Liab. Litig.*, 601 F. Supp. 2d 1120, 1125–26 (D. Minn. 2009) (citation omitted).  Traylor points to no other evidence of Magistrate Judge Docherty's purported bias, and the Court sees nothing in Magistrate

4

Judge Docherty's conduct that would raise questions about his impartiality. The Court accordingly denies Traylor's request.

Second, Traylor asserts in his objections and in a letter filed August 14, 2025, that he has been denied discovery requests from MCF-Stillwater that would help him determine the names of the John and Jane Does. *See generally* ECF Nos. 8, 12. He asks the Court to grant him discovery "of all defendants" to include disciplinary reports, videos of all incidents he has reported, staff reports, captains' reports, medical reports, and "files to inspect" to see what else might be necessary to press his claims. ECF No. 8 at 3. The Court construes Traylor's assertions as objecting to the August R&R's recommendation that the Court dismiss his remaining Section 1983 claim on the grounds that Traylor could not name the John and Jane Doe defendants by the Court's deadline.

The Court is not convinced by Traylor's argument. Notably, Traylor made no effort to inform the Court of his alleged discovery limitations *before* the May 27, 2025 deadline to file an amended complaint. This is despite the fact that he was purportedly denied discovery requests in February or March 2025, ECF No. 12 at 1, and filed a letter with the Court on May 16, 2025, that made no mention of those discovery limitations but instead asked the Court to dismiss a named defendant, ECF No. 7. It appears, therefore, that by May 27, 2025, Traylor was aware of purported discovery issues and was capable of timely filing some sort of explanation or request before the deadline to file an amended complaint passed. His failure to comply with the Court's orders warrants the dismissal of his complaint, as Magistrate Judge Docherty concluded. *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) ("A district court has discretion to dismiss an

5

action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

Setting aside the clear timeliness issue, Traylor's request for discovery is improper. No plaintiff, not even one acting pro se, is "entitled to discovery before a motion to dismiss." *Triemert v. Washington Cnty.*, No. 13-cv-1312 (PJS/JSM), 2013 WL 6729260, at *1 (D. Minn. Dec. 19, 2013) (citation omitted). Therefore, "*before* any litigant (including a pro se litigant) is entitled to take discovery, the plaintiff must first plead a plausible claim for relief." *Id.* Traylor is therefore not entitled to discovery to identity the John and Jane Doe defendants.

Relatedly, a plaintiff generally may not "name fictitious parties as defendants in federal court," with two narrow exceptions. *Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019). First, "John Doe" defendants may be named in a complaint but "must be identified and served within 90 days." *Kaplan v. Harrington*, No. 22-cv-640 (JRT/JFD), 2023 WL 1797872, at *14 (D. Minn. Feb. 7, 2023). That is what the Court required of Traylor here. *See* ECF No. 6 at 3. Yet even though Traylor did not meet this requirement, courts recognize a second limited exception: an action may "proceed against a party whose name is unknown if 'the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery.'" *Kaplan*, 2023 WL 1797872, at *14 (quoting *Est. of Rosenberg ex rel. Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)). But this exception is inapplicable because Traylor's complaint is not "specific enough to permit the identity of the party" after "reasonable discovery." *Rosenberg*, 56 F.3d at 37. Relevant here, Traylor states that at various times during the week of

6

December 11 to December 17, 2024, unnamed MCF-Stillwater staff members (it is unclear whether they are physicians, nurses, correctional staff, or some combination) refused to allow him access to certain medications. *See generally* ECF No. 1. The Court is unsure how it could fashion "reasonable discovery" to figure out the individuals he accuses of withholding his medication without the discovery turning into a proverbial fishing expedition regarding each and every individual he came into contact with that week. *See Perez*, 931 F.3d at 646 ("The Second Amended Complaint does not sufficiently allege who the Doe Defendants are, what they allegedly did, what their position is for the City, or any other facts that would permit the Doe Defendants to be noticed or identified through discovery."). Without more specificity, Traylor's complaint naming only John and Jane Doe defendants cannot move forward. *Kaplan*, 2023 WL 1797872, at *14 (holding dismissal was warranted because "more than 90 days have passed, and because Plaintiffs' allegations are not specific enough to identify John Does #1–10 after the named parties are dismissed").

Because Traylor did not comply with the Court's order to amend his complaint and name the John and Jane Doe defendants, the Court overrules Traylor's objections and denies his related requests for discovery.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. The R&R (ECF No. 10) is **ADOPTED IN FULL**; and

2. Traylor's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 30, 2025        *s/Laura M. Provinzino*
                                 Laura M. Provinzino
                                 United States District Judge